**005-185**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| THOMAS KELLY, on behalf of )<br>Himself and all other similarly situated )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FARMEDHERE, LLC, an Illinois )<br>Limited Liability Company, )<br>MARK THOMANN, Individually, )<br>STEVE DENENBERG, Individually, )<br>and MARK WEGLARZ, Individually, )<br>)<br>Defendants. ) | Case No.<br>Judge:<br>Magistrate Judge:<br><br>Jury Trial Demanded |

**COMPLAINT**

Plaintiff, THOMAS KELLY, by his undersigned attorneys, for his Complaint against the Defendants, FARMEDHERE, LLC, an Illinois Limited Liability Company (hereinafter, "FARMEDHERE") MARK THOMANN as an individual (hereinafter, "THOMANN"), STEVEN DENEBERG, as an individual (hereinafter, "DENENBERG"), and MARK WEGLARZ, as an individual (hereinafter, WEGLARZ) (Collectively referred to as "Defendants") alleges as follows:

**NATURE OF ACTION AND PARTIES**

1. This civil action is brought by the above-named individual Plaintiff who seeks redress for the Defendants' violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) alleging violations of the Fair labor Standards Act. It is also brought as a Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act

1

("IMWA"), 820 ILCS §105, et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS §115, et seq. ("IWPCA").

2. Upon information and belief, Defendant, FARMEDHERE was and still is an Illinois Limited Liability Company with its headquarters in Bedford Park, Illinois engaged in the business of sustainable indoor farming.

3. Upon information and belief, Defendant, THOMANN is an owner and officer of Defendant, FARMEDHERE, who has the authority to hire and fire employees and set wages.

4. Upon information and belief, Defendant, DENENBERG is an owner and officer of Defendant, FARMEDHERE, who has the authority to hire and fire employees and set wages.

5. Upon information and belief, Defendant, WEGLARZ is an owner and officer of Defendant, FARMEDHERE, who has the authority to hire and fire employees and set wages.

6. Plaintiff, Thomas Kelly, was at all relevant times employed by Defendants as a grower, harvester, packer, cleaner, and engaged in all aspects of sustainable indoor farming.

7. Defendants implemented a common scheme whereby Plaintiff and all other similarly situated employees were not paid overtime hours worked in excess of 40 hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

8. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of employees of the Defendants. Defendants knowingly and willfully failed to pay wages in accordance with applicable federal law, including but not limited to

overtime wages that were improperly underpaid due to Defendants' common compensation policy. Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a class action under Illinois law pursuant to Rule 23, or the Federal Rules of Civil Procedure (F.R.C.P)

## JURISDICTION AND VENUE

9. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, this case arising under the laws of the United States, 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. §1367. The Court has personal jurisdiction over Defendants pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as it conducted business within the state and are residents of the State of Illinois. See 735 ILCS 5/2-209.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as all of the events which are alleged herein occurred in Cook County, Illinois.

## GENERAL ALLEGATIONS

11. This lawsuit arises out of Defendants' practice of knowingly and willfully refusing to pay its employees overtime pay for all hours worked in excess of 40 hours each workweek.

12. At all times relevant, Plaintiff and all other workers were non-exempt employees of Defendants as defined by the FLSA. Plaintiff was employed by the Defendants from August of 2012 to December 8, 2014.

13. At all times, Defendants were an "employer" as defined by the FLSA and Illinois State Law.

14. Defendants are engaged in interstate commerce as that term is used in the FLSA.

15. At all times relevant, Plaintiff and all other workers, in their capacity as employees of Defendants were engaged in interstate commerce as that term is used in the FLSA.

16. During the course of employment with Defendants, employees, such as Plaintiff Kelly, were not exempt from minimum wage and/or overtime wages. The employees were paid an hourly rate only and did not receive overtime compensation as required by the FLSA and IMWA.

17. During the course of all their employment with Defendants, the employees routinely worked in excess of 40 hours per week, and in excess of 80 hours every two weeks. For example, Plaintiff, Kelly typically worked for the Defendants 50 hours a week, 100 hours every two weeks.

18. Despite the fact that the employees were not exempt, Defendants did not pay the employees the proper wages they were owed for overtime for work in excess of 40 hours per week.

19. Plaintiff and all other employees are entitled to actual and liquidated damages for Defendantsø actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

20. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above as though fully set forth herein.

21. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons: all employees

who have performed overtime work and denied overtime compensation who worked for Defendants at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class Members").

22. All putative members of the class are similarly situated because, inter alia, they all had similar duties, performed similar tasks; were entitled under FLSA to be paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendants' unlawful practices and policies.

23. Defendants have encouraged, permitted, mandated and required the employees to work without overtime compensation.

24. Defendants have known that Plaintiff and other FLSA Class Members have been deprived of overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and FLSA Class Members all compensation for work in excess of 40 hours in a week.

25. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other of the FLSA Class Members.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

26. Plaintiff re-alleges and incorporates by reference all the above allegations as though fully set forth herein.

27. Under the FLSA, the FLSA Class Members are entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

28. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

29. Defendants failed to compensate the FLSA Class Members for all the hours that its members worked for Defendants.

30. Defendants failed to compensate the FLSA Class Members at the overtime rate for worked performed in excess of 40 hours per week in violation of the FLSA.

31. Defendants' violation of the FLSA for failure to pay the FLSA Class Members' overtime wages was willful and deliberate.

32. Upon information and belief, Defendants' practice as described above was not approved in writing by the United States Department of Labor.

33. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor.

34. Due to Defendants' violation of the FLSA, the FLSA Class Members are entitled to recover from Defendants unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

## CLASS ALLEGATIONS

35. Plaintiff also brings this action as a class action on behalf of himself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this Cause as Class Action pursuant to F.R.C.P. Rule 23.

### Class Action Law

36. Rule 23 provides that a cause of action may be maintained as a Class Action if:

    a. The Class is so numerous that the joinder of all members is impracticable;

6

b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

c. The representative parties will fairly and adequately protect the interest of the Class; and,

d. The Class Action is appropriate method for the fail and efficient adjudication of the controversy.

## Proposed Class

37. Plaintiff seeks certification of the following classes: all employees who have performed work for Defendants and have been denied overtime compensation.

## The Employee Class Meets the Requirements for Class Certification Numerosity

38. The Class satisfies the numerosity standards. On information and belief, at the time this Complaint was filed, Defendants have and had approximately 30 employees who were denied overtime pay. The proposed Class can be identified and located using Defendantsø payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

## Common Questions of Fact or Law

39. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendantsø actions include, without limitation, the following:

7

    a. Whether Defendants failed to pay Plaintiff and Class Members all overtime compensation due to them;

    b. Whether Plaintiff and Class Members were expected to work in excess of 40 hours per week;

    c. Whether Plaintiff and Class Members worked in excess of 40 hours per week;

    d. Whether Defendants' practices violate provision of the Illinois Minimum Wage Law;

    e. Whether Defendant's practices violate the provisions of the Illinois Wage Payment and Collection Act;

    f. Whether Defendant's failure to pay overtime, was willful; and,

    g. Whether Plaintiff and the Class Members have suffered damages and the proper measure of those damages.

40. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## **Typicality**

41. Plaintiff's claims are typical of the claims of the Class Members. The named Plaintiff suffered similar injuries as those suffered by other Class Members as a result of Defendants' failure to pay overtime compensation for all hours actually worked.

## **Adequacy**

42. The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiff and his undersigned counsel. Plaintiff has hired

competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

43. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants or substantially impair or impede the ability of class members to protect their interests.

### COUNT II
### FAILURE TO PAY WAGES EARNED UNDER ILLINOIS LAW

44. Plaintiff repeats and re-alleges the above paragraphs as though fully pled herein.

45. Illinois law provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3, et seq.

46. Defendants failed to pay the Plaintiff and members of the Class for all hours worked on a semi-monthly basis.

9

47. The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS §115/3, et seq. Defendants' actions were willful and not in good faith.

48. Defendants are liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115, et seq.

## COUNT III
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

49. Plaintiff repeats and re-alleges the above paragraphs as though fully pled herein.

50. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a, et seq.

51. Defendants failed to pay Plaintiff for overtime hours worked. Upon information and belief, Defendants also failed to pay other members of the Plaintiff Class for overtime hours worked.

52. The foregoing actions of Defendants constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105, et seq. Defendants' actions were willful and not in good faith.

53. Defendants are liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105, et seq.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and similarly situated employees;

2. Order the disgorgement of all monies improperly retained or obtained by Defendants;

3. Enter an order declaring that Defendants willfully violated the wage and overtime provisions of the FLSA and the IMWA;

4. Award Plaintiff and the Class damages in the amount of wages and overtime wages required by the FLSA and the IMWA improperly denied them by Defendants' actions;

5. Award Plaintiff liquidated damages equal to Plaintiff's unpaid wages and overtime compensation under the FLSA;

6. Award Plaintiff punitive damages;

7. Award Plaintiff prejudgment interest pursuant to the IMWA;

8. Award Plaintiff post-judgment interest;

9. Award Plaintiff reasonable attorney's fees as well as the costs of this action; and,

10. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: May 14, 2015                                                    Respectfully submitted,

                                                                                           THOMAS KELLY,

                                                                                  By:    /s/ Frank J. Andreou
                                                                                           ARDC: 6228760
                                                                                           Frank J. Andreou
661 W. Lake St., Ste 2 North                                             ANDREOU AND CASSON, LTD
                                                                                           661 W. Lake St., Ste 2 North
                                                                                           Chicago, Illinois 60661
                                                                                           Telephone:  312-935-2000